Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLORA JOHNSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS & SUMMIT RECEIVABLES,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>2:16-cv-00899-PMW<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff, Flora Johnson ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

1

4. Defendant, National Credit Adjusters ("Defendant NCA") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant National regularly attempts to collect debts alleged due another.

5. Defendant, Summit Receivables, ("Defendant Summit") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant Summit regularly attempts to collect debts alleged due another.

### IV.  FACTUAL ALLEGATIONS

6. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

9. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

10. Threatening to take an action or actions that cannot be legally taken or that Defendant did not intend to take, including Defendant Summit threatening to take "involuntary action" against Plaintiff in a voicemail and threatening to contact Plaintiff's employer to verify her employment, where Defendant did not actually intend to take such actions (§ 1692e(5)).

11. Failing to effectively convey the disclosures required by 15 USC 1692g(a) within 5 days of the initial communication with Plaintiff. Both Defendants have failed to send anything in writing to Plaintiff (15 USC 1692g(a)).

12. Where Defendant NCA had not yet made an attempt to contact Plaintiff's counsel

2

or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendants' actions, detailed above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B.	Actual damages pursuant to 15 U.S.C. § 1692k;

C.	Statutory damages pursuant to 15 U.S.C. § 1692k;

D.	Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.	For such other and further relief as may be just and proper.

<u>**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**</u>

Dated this 24th day of August, 2016.

**TRIGSTED LAW GROUP, P.C.**

___s/Joshua Trigsted_____
Joshua Trigsted
*Attorney for the Plaintiff*